UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| ─────────────────────────────── | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S COUNSEL'S REQUEST TO WITHDRAW |
| This document relates to: *West v. American Home Products, Inc.*, C03-3278 | |

This matter comes before the court on two motions: defendant Wyeth's motion to dismiss for failure to comply with court-ordered discovery and plaintiff's counsel's motion to withdraw. Having considered each motion, the court finds and rules as follows.

A.   Defendant's Motion to Dismiss

Defendant Wyeth filed its motion to dismiss pursuant to this court's minute order dated November 15, 2005 vacating an order to show cause why this matter should not be remanded. The minute order found, pursuant to Wyeth's representations, that outstanding discovery remained in this case, and ordered Wyeth to file a motion to dismiss for plaintiff's failure to comply with court-ordered discovery. This motion followed.

ORDER
Page - 1 -

1   Wyeth argues that two outstanding pieces of discovery
2 remain: the address of one of plaintiff's employers, and certain
3 authorizations necessary to obtain plaintiff's Social Security
4 records.
5   Plaintiff responds that she has in fact supplied the sought-
6 after information regarding her employer, and based upon exhibits
7 and deposition testimony submitted with plaintiff's response, the
8 court finds this to be so. Defendant, in its response, essen-
9 tially concedes this point.
10   As to the second piece of discovery, plaintiff argues that
11 her Social Security records – in particular, her Social Security
12 earnings and disability records – are neither relevant nor
13 reasonably calculated to lead to the discovery of admissible
14 evidence. Plaintiff represents that she does not intend to seek
15 lost wages, as she was already disabled and not working at the
16 time of her stroke. Defendant responds without elaboration that
17 the records are relevant to her health before her stroke.
18   Defendant's position essentially concedes that the Social
19 Security records concerning plaintiff's earnings are no longer
20 relevant to her claim. As for the Social Security records being
21 relevant to the state of plaintiff's health, defendant makes no
22 argument that the disability records would be anything other than
23 a redundant comment on plaintiff's pre-existing medical condition
24 as determined by medical records presumably already on record. A
25 higher showing than defendant's conclusory assertion is required.
26   Finding that the discovery sought by defendant either has

already been supplied, or is not relevant to plaintiff's claims or defendant's defenses, the court denies Wyeth's motion to dismiss.

B.  <u>Plaintiff's Motion to Withdraw</u>

Plaintiff's attorneys of record, Craig Depew, Sean Patrick Tracey and John W. Ghezzi of the law firm of Clark, Depew & Tracey, LTD, have filed a motion to withdraw their representation of plaintiff Janet Lee West. Having reviewed the motion and being fully advised, the court hereby grants counsel's request for *in camera* consideration. The court further orders that attorneys at the above-referenced firm, counsel of record for plaintiff, are hereby relieved of and from any further obligation to represent the interests of the plaintiff in this action, and shall no longer be counsel of record.

Plaintiff shall notify the court in writing of the appearance of new counsel, or of her intent to proceed *pro se*, within 21 days of entry of this order, or, upon the motion of any party, this case shall be dismissed.

For the foregoing reasons, the motion to dismiss is DENIED. The motion to withdraw is GRANTED.

DATED at Seattle, Washington this 3rd day of March, 2006.

*[signature: Barbara J. Rothstein]*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -